Howard T. Hogan, J.
Petitioner in this proceeding brought pursuant to article 78 of the Civil Practice Act, seeks an order in the nature of a mandamus directing the respondent building inspector of the Town of Hempstead to issue to it a building permit for the alteration of premises owned by it “ so as to make said premises suitable for petitioner’s use as a nursery school.” On November 27, 1957, the respondent denied an application for such permit on the ground that the proposed use was prohibited by section B-1.3 of the' Town of Hempstead Zoning Ordinance.
It is admitted by the respondent that petitioner’s property lies in a “ B Residence District ”, and that on September 10, 1957, when it contracted to purchase said property, the zoning ordinance provided as follows:

“ Article 5.

“ B Residence Districts (B)

“ Sec. B-1.0. In a B Residence District the following regulations shall apply:
*577 ‘ ‘ A building may be erected, altered or used and a lot or premises may be used for any of the following purposes and for no other.
* * *
“Sec. B-1.3. A regularly organized institution of learning approved by the State Board of Regents ”.
It is further admitted that on September 24, 1957, prior to the closing of title to the subject property, section B-1.3 was amended to limit educational uses in a “ B Residence District ” to: “ Public school, parochial school, private school for instruction of elementary grades or academic grades or both, chartered by the Board of Regents of the State of New York, college, university” and that nursery schools were thereafter limited to business districts, and then only by permission of the Board of Zoning Appeals after a public hearing.
Respondent further concedes that petitioner holds a provisional charter, issued by the Board of Regents of the State of New York on August 19, 1955, authorizing it to establish, maintain and operate a nursery school in Merrick, Nassau County, and providing that said charter will be made absolute if within five years petitioner shall acquire sufficient resources and equipment and shall maintain “ an institution of education usefulness and character satisfactory (to the Board of Regents) ”, and that since September, 1955, petitioner has conducted a nursery school under such charter upon other premises, which it now rents on a month to month basis.
Petitioner bases this proceeding upon the allegations that the proposed use is in no way detrimental to the public health, safety, morals or general welfare of the community, that the Zoning Ordinance, insofar as it prohibits such use in a residential zone does not promote any of these objectives, and, therefore, is illegal, arbitrary, unreasonable, and violative of the Constitutions of the United States and the State of New York.
It points further to the fact that subdivision 2 of section 1712 of the Education Law provides that: “ Such board of education [in a Union Free School District] may also maintain nursery schools which shall be free to resident children and may fix the age for admission at three years or above ” and argues that since public schools may not be excluded from any residential zone, a municipality may not discriminate against similar private educational institutions.
The court is well aware of the objections which can be presented to the location of a private nursery school in any residential district. They tend to have an adverse effect on the *578 value of homes in the immediate vicinity, they may create traffic - congestion and with outdoor play facilities, they can disturb the peace and quiet of a neighborhood. However, all these objections recently have been considered and rejected by the Court of Appeals in of Matter of Diocese of Rochester v. Planning Bd. of the Town of Brighton (1 N Y 2d 508). It then held (p. 526): “ Thus church and school and accessory uses are, in themselves, clearly in furtherance of the public morals and general welfare * * * and ‘ an educational institution, whose curriculum complies with the state law, is considered an aid to the general welfare ’ ’ ’ and it reached the conclusion that (p. 526): “ In the light of the foregoing cases, and under the facts presented by this record, the decisions of the planning board, the board of appeals and the town board of Brighton bear no substantial relation to the promotion of public health, safety, morals or general welfare of the community; they must therefore be deemed arbitrary and unreasonable and should be annulled”. It added: “ That is not to say that the appropriate restrictions may never be imposed with respect to a church and school and accessory uses, nor is it to say that under no circumstances may they ever be excluded from designated areas ”.
This limitation may not be applied, however, to the instant proceeding since the ordinance under attack bars the establishment of nursery schools in all residential districts in the entire town of Hempstead, and contains no provision for exceptions to the prohibition. Nor are any special circumstances alleged which are applicable to petitioner’s property.
The respondent argues that it is not discriminatory to distinguish between public schools generally and private nursery schools, and that the latter cannot enjoy equal immunity from zoning regulations. All doubt concerning discrimination between public and private schools, however, has been resolved by the court in the above-cited decision. It held in unequivocal language that (p. 522): “An ordinance will be stricken if it attempts to exclude private or parochial schools from any residential area where public schools are permitted.”
The fact that the use sought is that of a nursery school does not remove it from the protection of that rule. Although many people may feel that children between the ages of three and five years are better trained and educated at home, and that formal schooling at those ages is neither necessary nor desirable, nevertheless, the Legislature, in its wisdom, has seen fit to empower the board of education in each union free school district to maintain such nursery schools which shall be free to resident *579 children, and to fix the age for admission at three years or above.
Petitioner’s property lies within a union free school district. It has received a provisional charter from the Board of Regents on behalf of the State Education Department, and its school is operated under the jurisdiction and supervision of both bodies. Banning it on the sole ground that it is privately operated is an unreasonable discrimination. In the opinion of the court the amendment is ultra vires, for discrimination between public and private nursery schools bears no reasonable relation to the public health, safety, morals or general welfare.
Accordingly, on the authority of the decision in Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (supra), the petition is sustained and the respondent is directed to issue a building permit to the petitioner upon compliance with the pertinent requirements of the building code.