■ BETTY-JUNE SCHOOL, INC., et al., Appellants, v. JOHN C. YOUNG, as Manager of the Building Department of the Town of Hempstead, et al., Respondents.— In an action for a declaratory judgment and for injunctive relief, the appeal is from so much of an order as denied in part appellants' motion for a temporary injunction. Each of the appellants was incorporated by the Board of Regents of the State of New York to conduct a nursery school, kindergarten and elementary grades (see Education Law, §§ 216, 217). They brought this action (1) to procure a judgment declaring unconstitutional article 19 of the Building Code of the Town of Hempstead and article 16 of the Building Zone Ordinance of said town, both of which articles were adopted by the Town Board of said town on July 14, 1959, and (2) for an injunction restraining the enforcement of said articles. Appellants moved to restrain enforcement thereof during the pendency of the action. The order under review granted the motion only as to certain provisions of article 19 of the Building Code, namely, provisions requiring the erection of a six-foot fence along certain boundaries of school premises (§ 5, subd. [13]) and prohibiting the use of basements for classrooms unless certain conditions be complied with (§ 5, subd. [4]), otherwise denied the motion, and directed that the action be advanced to the Ready Day Calendar for the opening day of the January 1960 Term for trial. The provisions of the said municipal legislation as to which the temporary injunction has been denied are, among other things, that an annually renewable permit must be obtained from the respondent Manager of the Building Department of the town in order lawfully to operate any premises for a " private school " and that such premises are subject to (1) setback restrictions, as to front, side and rear yard lines, for pools and play-yard equipment, and (2) restrictions limiting the number of students proportionately to square feet of " classroom area " and " cleared outdoor activity area ". Order modified (1) by striking therefrom the first and second ordering paragraphs and by substituting therefor the words " Ordered that the plaintiffs' motion be and the same hereby is granted in all respects, and it is further ", and (2) by striking from said order the fourth ordering paragraph. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. In our opinion, serious questions as to the constitutionality of the municipal legislation and as to the interpretation given them by the respondents are presented. There is involved the possible discrimination between public and private schools (see *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 522; *Matter of Merrick Community Nursery School* v. *Young,* 11 Misc 2d 576). This being so, we consider it advisable to preserve the *status quo* pending determination of the issues on trial. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ HELEN FRICKER et al., Respondents, v. DAVID BERNSTEIN, Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order which (1) granted a motion for summary judgment striking out the answer, and (2) directed an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the papers present triable issues which may not be resolved upon a motion for summary judgment. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.