William R. Brennan, Jr., J.
In this article 78 proceeding, petitioners seek an order annulling a determination of the Town Board of Oyster Bay which denied petitioners’ application for a special exception permit to use a portion of their real property for nursery school purposes.
It appears that petitioners own and reside in a single-family dwelling on real property located in a Residence “D” district in the Town of Oyster Bay. The immediate surrounding neighborhood is substantially developed by other single-family residences. In July, 1962 petitioners applied for a special exception permit to conduct a nursery school in a portion of their residence and on May 21, 1963, after a public hearing, the board adopted a resolution denying petitioners’ application.
It is contended here that the Building Zone Ordinance is unconstitutional in that it discriminates against private, State-chartered, nonprofit nursery schools (equal protection), and in that it contravenes the State constitutional provisions imposing upon the State Legislature the duty to provide a system of free public education. It is further contended that the ordinance has been applied in an unconstitutional manner, and that in failing to grant the special exception permit the board acted arbitrarily and capriciously.
The pertinent provisions of the Building Zone Ordinance of the Town of Oyster Bay provide:
“Article VI

‘D’ Residence District

“Section D-l. In ‘D’ Residence District, no building or premises shall be used and no building shall be hereafter erected or altered, unless otherwise provided for in this Ordinance, except for one or more of the following uses:
* # *
“ 5. A regularly organized university, college, elementary or high school having a curriculum approved by the Board of Regents of the State of New York.
“5a. A regularly organized Nursery School when permitted by the Town Board as a special exception, after a public hearing. ’ ’
Assuming, without deciding, that the constitutionality of the ordinance is a matter properly presented for determination in this proceeding (cf. Matter of Diocese of Rochester v. Planning *3 Bd. of Town of Brighton, 1 N Y 2d 508, 520; Town Law, § 267, subd. 7; Matter of Hofstra Coll. v. Wilmerding, 24 Misc 2d 248, 251), we find nothing which offends the Constitution in this ordinance. Under subdivision 5 of section D-l of article VI above quoted, elementary schools, be they public or private, are permitted uses. Under subdivision 5a, however, nursery schools are permitted only as special exceptions. The ordinance therefore distinguishes between elementary and nursery schools, but we find nothing which contravenes the Constitution in such a classification. It is only when private schools are under a restriction which does not apply to public schools that unconstitutional discrimination is involved. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, supra; Matter of Merrick Community Nursery School v. Young, 11 Misc 2d 576; Brandeis School v. Village of Lawrence, 18 Misc 2d 550, 559, 560.) As we read the ordinance, both public and private nursery schools are under equal restraint in that each must obtain a special exception permit in order to operate in the Besidence “D” zone. We are aware that Mr. Justice Mbyeb, in granting a temporary injunction in the case of Bethpage Nursery School v. Burns (N. Y. L. J., June 12, 1961, p. 20, col. 2) took a different view of this same ordinance. His construction of the ordinance was based upon an assumption that the unconditional authorization of an elementary school in subdivision 5 “ apparently ” included the operation of a public nursery school. There is nothing in the papers submitted in this proceeding which would lead to that conclusion, and we must, therefore, construe the ordinance as granting unconditional authorization for both public and private universities, colleges, high schools and elementary schools, and only conditional authorization for public and private nursery schools. By such a construction there is no discrimination involved.
The other constitutional argument falls of its own weight. There is no outright prohibition against the use of property for a nursery school here involved, but only a requirement that a special exception permit be first obtained. Thus the cases of Union Free School Dist. No. 14 v. Village of Hewlett Bay Park (279 App. Div. 618); Jewish Consumptives Relief Soc. v. Town of Woodbury (230 App. Div. 228, affd. 256 N. Y. 619) and Merrick Community Nursery School v. Young (supra) are inapplicable. In each of these cases the municipality had enacted an ordinance which totally and completely prohibited the use involved. In the Matter of Diocese of Rochester case (supra, p. 526) the court stated: ‘ ‘ That is not to say that appropriate restrictions may never be imposed with respect to a church and school and accessory uses, nor is it to say that under no circumstances may they *4 ever be excluded from designated areas. ” It must be assumed that ‘ ‘ appropriate restrictions ’ ’ may be imposed through the device of a special exception permit, and it is only if the decisions of municipal boards in refusing to issue such permits bear no substantial relation to the promotion of the public health, safety, morals or general welfare, or are arbitrary and unreasonable, that they will be stricken. We must, therefore, conclude that the ordinance itself does not offend the Constitution, and determine whether or not the decision of the board was valid.
Section 261 of the Town Law restricts the exercise of zoning powers by Town Boards to the promotion of “ the health, safety, morals, or the general welfare of the community”. The reasonable restrictions which the Diocese of Rochester case recognized as being valid must be those which fall within the standards set by section 261 of the Town Law. This is what the Town Board must be limited to in the instant case. The question for determination by this court in this proceeding is whether the Town Board exercised its discretion in accordance with the statutory standards or in a clearly arbitrary or capricious manner.
In its resolution adopted after the public hearing of May 21, 1963, the Town Board stated as its reasons for the denial of petitioners ’ application that:
(1) The subject premises is a substandard plot having a chain link fence around it and not screened in;
(2) the subject premises were found to be inadequate for the proposed purposes by the Nassau County Fire Commissioner and the Building Department of the Town of Oyster Bay;
(3) the thoroughfares upon which the said premises abut are heavily travelled roads and the facilities are not adequate for picking up and dropping off children and no provision is made for off-street parking;
(4) the proposed use of the subject premises is an enterprise for profit which is contrary to the provisional charter granted by the Board of Regents of the State Department of Education; and
(5) the requested use will tend to change the character of the area, adversely affect values, character and uses of surrounding-properties, increase traffic and create traffic problems and hazards, cause noise and overcrowding, and will affect the safety, health, welfare, comfort and convenience of the area.
The last four reasons advanced by the board to justify its action are insufficient. The adverse effect upon property values, the changing of the character of the neighborhood, and the minor increase in traffic are all items which the Court of Appeals in the Rochester case rejected. The finding that the proposed use is an *5 enterprise for profit is wholly gratuitous and entirely unsupported by the record. Finally, the claim that the premises have been found by the Fire Commissioner and the Building Department to be inadequate is irrelevant. Petitioners have made it abundantly clear that they will comply with all structural changes required by the Building and Fire Departments, and, since this can be controlled by the terms under which a certificate of occupancy will be issued, it is a premature requirement having no relationship to the withholding of a special exception permit.
The first reason advanced by the board is at the heart of the controversy. In stating that the plot is substandard, the board has in effect ruled that it is inappropriate for the location of a nursery school. There is ample evidence in the record to support such a conclusion. What petitioners are seeking as a matter of absolute right is authority to conduct a nursery school as an accessory use to their own private dwelling, and it is certainly within the “ appropriate restrictions ” reserved to the board by the Rochester case to require such a school to be located on an improved plot dedicated exclusively to the function of education, rather than as an accessory use to a private single-family residence. The application is denied and the proceeding dismissed.